UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-00553 (RBW) |
| ) | ECF |
| v. ) | |
| ) | |
| UNITED STATES INTERNAL ) | |
| REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant United States, through undersigned counsel, respectfully moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 8(a), 12(b)(1) and (6). The inarticulate Complaint does not demonstrate how the Court has subject matter jurisdiction or that plaintiff has stated a claim upon which relief can be granted.

A memorandum of points and authorities and a proposed Order accompany this motion.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W. Room 4818
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-00553 (RBW) |
| ) | ECF |
| v. ) | |
| ) | |
| UNITED STATES INTERNAL ) | |
| REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, United States Internal Revenue Service, by and through the United States Attorney for the District of Columbia, moves to dismiss the Complaint filed against it pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for the reasons set forth below.

### BACKGROUND

Plaintiff, Duane McKinney, filed this action on March 23, 2006, apparently seeking the return of $13,982.23 that was seized on July 22, 2005, from a Bank of America account and, apparently, also seeking return of an unidentified vehicle.[1]  What plaintiff omits to explain, however, is that the currency was seized from an account held in the name of the Brotherhood of Men, Inc. pursuant to a seizure warrant signed by a Magistrate Judge of the District of Columbia, and that neither plaintiff, nor the Brotherhood of Men, Inc. filed a challenge to the administrative

---

[1] The actual amount seized from Bank of America Account No. 001922787468 was $13,367.53.  Mr. McKinney's Complaint also refers to a motor vehicle that is not further identified.  A vehicle, and currency found in it, are presently the subject of a forfeiture action in 05CV2404 (RBW).

forfeiture of the currency seized in July 2005.  In September 2005, after he received notice of the pending administrative forfeiture, Mr. McKinney, through counsel, filed a Petition for Remission on behalf of an organization known as the Brotherhood of Men, Inc.  At that time, Mr. Mckinney said he was acting on behalf of the Brotherhood of Men, Inc.  At that time, the Brotherhood of Men, Inc. also was represented by counsel.  Neither Mr. McKinney, nor counsel, asked that the agency submit the seized currency, then identified by the corporation as the corporation's only asset – to this Court's jurisdiction for adjudication of the property's forfeitability.  Instead, the Brotherhood of Men, Inc. asked that the Internal Revenue Service exercise its discretion to return the property it seized because its seizure was causing hardship to the corporation.  See Government Exhibit 1.  Based on an investigation that showed that the property was actually traceable to proceeds of criminal activity (the same investigation that supported the seizure warrant), the petition for remission was denied.

After proper publication of the Notice of Seizure and the provision of notice to the Brotherhood of Men, Inc. and Mr. McKinney, and after having received no claims, the Internal Revenue Service administratively forfeited this currency.  On December 16, 2005, a Declaration of Forfeiture was entered.  See Government Exhibit 2.

**ARGUMENT**

**1.     APPLICABLE LEGAL STANDARDS**

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.  Rasul v. Bush, 215 F. Supp.2d 55, 61 (D.D.C. 2002).  In considering a motion to dismiss for lack of subject-matter jurisdiction, a court accepts as true all of the factual allegations

contained in the complaint.  Scandinavian Satellite System, AS v. Prime TV Ltd., 291 F.3d 839, 844 (D.C. Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).  But, a court is not required to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

Because subject matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a court resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(1) must give the complaint's factual allegations closer scrutiny than required for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp.2d 9, 13 (D.D.C. 2001).  Moreover, the court is not limited to the allegations contained in the complaint.  Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987).  Instead, to determine whether it has jurisdiction over the case, the court may consider materials outside the pleadings.  Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint if no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Atchinson v. District of Columbia, 73 F.3d 418, 421 (D.C. Cir. 1996).  A court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff.  Maljack Productions, Inc. v. Motion Picture Ass'n of America, Inc., 52 F.3d 373, 375 (D.C. Cir. 1995).  A court does not, however, have to accept as true the plaintiff's legal conclusions.  Taylor v. F.D.I.C., 132 F.3d 753, 762 (D.C. Cir. 1997).  A court also can reject unsupported assertions, unwarranted inferences or sweeping legal

conclusions cast in the form of factual allegations.  Miree v. DeKalb County, Ga., 433 U.S. 25, 27 (1977).

**2.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AGAINST THE UNITED STATES.**

One of the reforms enacted in the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), was to provide for an exclusive remedy under 18 U.S.C. § 983(e), to set aside a declaration of forfeiture.[2]  Indeed, the legislative history leading up to the enactment of Section 983(e), suggests that the provision was enacted as a response to the lack of clarity in the existing law as to which statutes gave district courts jurisdiction to review a due process challenge to a completed administrative forfeiture.  See H.R. Rep. No. 105-358(I), 88 42-43, 105th Cong., 1st Sess. (1997), 1997 WL 677201 (Leg. Hist.);[3] see also Upshaw v. U.S. Customs Service, U.S. Dept. of Treasury, 153 F. Supp.2d 46, 49 (D. Mass. 2001) (Section 983(e) is the exclusive remedy for challenging a civil declaration of forfeiture).

Section 983(e) of Title 18, United States Code provides:

(1) any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–

(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

---

[2] Section 983(e)(5) states:  "A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."

[3] Prior to the enactment of this provision, plaintiffs attempted to base claims on a variety of provisions, including Rule 41(e).  See United States v. Ritchie, 342 F.3d 903 (9th Cir. 2003).

In this case, a Declaration of Forfeiture with respect to the seized currency has been entered, thus, triggering the exclusive remedy provisions of Section 983(e).  Therefore, except within the confines of Section 983, this Court lacks jurisdiction over Mr. McKinney's claim challenging the seizure of the currency and seeking return of the forfeited currency.  See Mohammad v. United States, 169 Fed. Appx. 475, 2006 WL 462478 (7th Cir. Feb. 27, 2006) (district court has no jurisdiction to review the merits of an administrative forfeiture; it has jurisdiction only to review the adequacy of the notice given to the claimant of the procedure for filing a claim); Mesa Valderrama v. United States, 417 F.3d 1189 (11th Cir. 2005) (claimant may only seek relief under section 983(e) when the Government has failed to comply with the notice requirements; he may not challenge the forfeitability of the property); Aquasviva v. U.S. Drug Enforcement Admin., 2004 WL 1900341 (S.D.N.Y. Aug. 24, 2004) (federal court has no jurisdiction to consider a lawsuit challenging a forfeiture when claimant could have filed a claim; section 983(a) is the exclusive means for obtaining judicial determination of a forfeiture).

Mr. McKinney must attempt to have the administrative forfeiture set aside under the exclusive remedy set forth in Section 983(e).  But, should he attempt to avail himself of these provisions, Mr. McKinney will be required to plead and prove:  (1) that he was entitled to notice of the administrative forfeiture; and (2) that he did not receive such notice.  Moreover, he will have to plead and show that he did not know or have reason to know of the seizure within sufficient time to file a claim.  See, e.g., Johnson v. United States, 2004 WL 2538649, at *2 (S.D. Ind. Oct. 22, 2004) (under section 983(e), the claimant has the burden of showing both that the Government did not taken reasonable steps to provide notice, and that he did not have reason to know of the seizure within sufficient time to file a timely claim).  In this case, Mr. McKinney

appears to concede that he (and even an attorney apparently working with him or with the Brotherhood of Men, Inc.) received "information and notice" of the pending administrative forfeiture proceedings concerning the seized currency. See Complaint at ¶¶ 2, 5. Mr. McKinney's signature on the Brotherhood of Men, Inc.'s Petition for Remission also proves that he received notice of the pending administrative forfeiture in time to have challenged its continuation. Thus, it appears that he has no legal basis to protest the administrative forfeiture proceeding now. In any event, should Mr. McKinney be entitled to lodge a motion that seeks to set aside a completed administrative forfeiture on the basis of inadequate notice to an interested party, or should the Court elect to treat the Complaint in this case as such a motion, and should the motion succeed in setting aside the administrative forfeiture, the United States still would have the right to commence a subsequent judicial forfeiture proceeding with respect to the property. See 18 U.S.C. § 983(e)(2); Kadonsky v. United States, 3 Fed. Appx. 898, 2001 WL 113825, n.6 (10th Cir. Feb. 9, 2001) (Table) (dicta) (noting that, under CAFRA, "forfeitures judicially set aside for lack of notice may now be refiled").

3.  **THE COMPLAINT ALSO SHOULD BE DISMISSED BECAUSE IT IS A CONFUSING, AMBIGUOUS, REDUNDANT, VAGUE, AND OFTEN UNINTELLIGIBLE DOCUMENT, IN VIOLATION OF RULE 8.**

The Federal Rules of Civil Procedure require that a complaint must, in "short and plain statement[s]," set forth "the grounds upon which the Court's jurisdiction depends," as well as a "claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Rule 8 "underscores the emphasis placed on clarity and brevity by the federal pleading rules" by requiring "[e]ach averment of a pleading" to be "simple, concise, and direct." See In re Westinghouse Securities Litigation, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Chas. A Wright

& Arthur R. Miller, Fed. Practice & Proc. § 1217 at 169 (2d ed. 1990)) (former quotation); Fed. R. Civ. P. 8(e)(1) (latter quotation).

The reasons for these pleading rules are simple. First, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). As explained more fully in the following sections, where, as here, the federal government is a defendant, this presumption requires that the plaintiff identify a waiver of sovereign immunity that could arguably entitle her/him to bring suit and to obtain the particular relief requested.[4]

The federal rules afford a plaintiff, and particularly one with *pro se* status, broad discretion in framing his claims for relief. See Hanies v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint must give "fair notice to the defendants of the claim being asserted sufficient to prepare a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata applies." See Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). Accord Whitehead v. Clinton, 1999 WL 33326727 (D.D.C.). Thus, "[a] Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a)."

---

[4] The terms of the United States' consent to be sued dictate this Court's jurisdiction to entertain the suit, and any purported waiver of sovereign immunity must be unequivocally expressed by statute -- it cannot be implied. See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); United States v. Testan, 424 U.S. 392, 399 (1976); Tucson Medical Center v. Sullivan, 947 F.2d 971, 979 (D.C. Cir. 1991). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed when the Court lacks jurisdiction, and it is well established that the Court must first resolve jurisdictional matters before reaching the merits of the complaint. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998).

See Pesci v. I.R.S., 67 F. Supp.2d 1189, 1194 (D. Nev. 1999) (citing Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979)), aff'd, 225 F.3d 663 (2000).[5]

Here, plaintiff appears to assert now that certain property seized by the Internal Revenue Service belonged to him,[6] but he does not cite a proper jurisdictional basis, let alone a waiver of

---

[5] In addition, a district court "'may properly look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists.'" See Prakash v. American University, 727 F.2d 1174, 1181 (D.C. Cir. 1984); Riley v. Titus, 190 F.2d 653, 655 n. 1 (D.C. Cir. 1951), cert. denied, 342 U.S. 855 (1951); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 at 484-85 (2d. ed. 1990) ("There has never been any serious doubt as to the availability of extra-pleading material on these [12(b)(1)-(5), (7) ] motions").  And, to resolve motions to dismiss under Fed. R. Civ. P 12(b)(1), a court may take judicial notice of matters of public record, such as other motions, etc., filed in the case at hand.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (under the Federal Rules of Evidence, courts may take judicial notice of facts that are not subject to reasonable dispute).

[6] Plaintiff acknowledges that this lawsuit is related to 05CV2404 (RBW).  In that case, the Court told Mr. McKinney that he could not litigate *pro se* on behalf of the Brotherhood of Men, Inc.  Possibly seeking to circumvent that Order, Mr. McKinney now insinuates that the administratively forfeited currency at issue here was his property, not corporate property.  But, at the administrative level in this matter, he asserted that the funds seized from the Brotherhood of Men, Inc.'s bank account belonged to the corporation, not to him.  Moreover, to his Complaint filed here, he attaches numerous corporate documents that he hopes will establish that the business which generated the funds was legitimate – again establishing that the corporation was the owner of the property before it was forfeited.  Mr. McKinney's inconsistent characterizations of ownership not only confound the standing issue, they also provide basis for dismissing this confusing Complaint under Rule 8.  If the plaintiff is permitted to proceed – let alone proceed *pro se* – he will be required to establish that the property he seeks to have returned is his.  See, e.g., Munoz-Valencia v. United States, 169 Fed. Appx. 150, 2006 WL 519781 (3d Cir. Mar. 3, 2006) (person seeking return of administratively forfeited property under § 983(e) must have Article III standing to contest the forfeiture); Yashar v. United States, 2006 WL 1071585 (E.D.N.Y. Apr. 21, 2006) (a person contesting an administrative forfeiture on due process grounds must show that he had a legal interest in the forfeited property sufficient to establish standing; a person without standing cannot complain of lack of notice; granting Government's motion for summary judgment on the ground that Plaintiff failed to show that the seized property belonged to him or that it was seized from his premises).  As explained above, it would be inappropriate to reopen a forfeiture that the Brotherhood of Men, Inc., and its counsel apparently

sovereign immunity, that would entitle the Court to entertain this lawsuit.  Moreover, plaintiff fails to set forth his claims in the "simple, concise, and direct" manner required by Rule 8, opting instead for "confusing, ambiguous, redundant, vague and, in some respects, unintelligible * * * diatribes" that the Courts have long rejected.  See, e.g., Wallach v. City of Pagedale, Mo., 359 F.2d 57, 58 (8th Cir. 1966).  For example, Mr. McKinney attaches almost forty pages of material involving an organization called the Brotherhood of Men, Inc. to a two-page Complaint in which he claims currency was his, and that he wants the "District of Columbia" to pay storage fees for an unidentified car.  Plaintiff's effort to include as part of the Complaint such extraneous and unintelligible information needlessly burdens the defendant, who must respond to the Complaint, and renders the Complaint inappropriate to "serve as the document controlling discovery."  See In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1544 (9th Cir. 1994) (en banc).  Courts reject "meandering, disorganized, prolix narrative[s]," that fail to afford defendants fair notice of claims being pursued.  See Karlinsky v. New York Racing Ass'n, Inc., 310 F. Supp. 937, 939 (S.D.N.Y. 1970).  Accord Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y.1972) (dismissing complaint comprised of "circuitous diatribes far removed from the heart of the claim"); Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965) (dismissing complaint found to be "so verbose, confused and redundant that its true substance, if any, is well disguised"), cert. denied, 382 U.S. 966 (1965).  In this case, but for the fact that plaintiff's allegations are similar to allegations made in another case, we would be left to guess at what claims plaintiff might intend.

Moreover, Courts freely dismiss complaints, such as the one here, that consist of  "little

---

chose not to contest.  Given Mr. McKinney's prior sworn statements about the property belonging to the corporation, not to him, it also would be a waste of this Court's time and resources to allow Mr. McKinney to further litigate these issues.

more than demands, charges, and conclusions." See Burton v. Peartree, 326 F. Supp. 755, 758 (E.D. Pa. 1971). Accord Koll v. Wayzata State Bank, 397 F.2d 124, 125 (8th Cir. 1968) (dismissing complaint that contained "a completely unintelligible statement of argumentative fact"); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (dismissing complaint found to be "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension"). Thus, Rule 8 is a useful tool that "serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." See Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (internal citation omitted).

Therefore, even if it does not dismiss the Complaint on jurisdictional grounds, the Court should dismiss the Complaint and direct, "as a matter of prudent case management, that plaintiff[] streamline and reorganize the complaint." See In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1544 (9th Cir. 1994) (en banc). It is particularly important that this task be accomplished "before allowing [the Complaint] to serve as the document controlling discovery[.]" Id.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the plaintiff's Complaint be dismissed. A proposed order is attached for the Court's convenience.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

          /s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

          /s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W. Room 4818
Washington, D.C. 20530
(202) 514-7250

**CERTIFICATE OF SERVICE**

      I, hereby, certify that copies of the foregoing Motion to Dismiss, Memorandum and Proposed Order were sent by certified mail to Duane McKinney, *pro se*, 266 Harry S. Truman Drive, Largo, Maryland 20774, on this 14th day of July 2006.[7]

                                                                                           /s/_____
                                                                                     JUDITH A. KIDWELL
                                                                                     Assistant United States Attorney

---

[7] In pending case 05CV2404 (RBW), Mr. McKinney has filed several pleadings on which he has listed his address as 266 Harry S. Truman Drive, Largo, Maryland 20774, including the Complaint filed herein. However, some correspondence addressed to Mr. McKinney and mailed to this address has been returned, and residents at this address (believed to be his sister's family) have recently advised law enforcement officers that Mr. McKinney does not live or work at this address. If Mr. McKinney is permitted to continue filing pleadings, he should be ordered to provide his current address, and not to use an address where occupants are refusing his mail.